SUMMARY ORDER
Kulvinder Singh, through counsel, petitions for review of the May 2003 BIA order affirming Immigration Judge (“IJ”) Helen Sichel’s denial of a motion to reopen deportation proceedings in order to rescind an order of deportation entered in absentia. The petitioner additionally petitions for review of the October 2003 BIA decision denying his motion to reconsider the prior BIA decision. We assume the parties’ familiarity with the underlying facts and procedural history in this case.
This Court reviews the IJ’s decision when the BIA affirms the decision of the IJ without opinion. See Twum v. INS, 411 F.3d 54, 58 (2d Cir.2005). This Court reviews the denial of a motion to reconsider or reopen, including motions to reopen challenging orders entered in absentia, for abuse of discretion. See Kaur v. BIA, 413 F.3d 232, 233 (2d Cir.2005) (per curiam); Khouzam v. Ashcroft, 361 F.3d 161, 165 (2d Cir.2004) (citing Brice v. U.S. Dep’t of Justice, 806 F.2d 415, 419 (2d Cir.1986)); Iavorski v. INS, 232 F.3d 124, 128 (2d Cir.2000). An abuse of discretion may be found where the agency’s decision “provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner.” Kaur, 413 F.3d at 233-34.
While the BIA posited several reasons for affirming the IJ’s denial of the petitioner’s motion to reopen after the IJ ordered him deported in absentia, and for denying the petitioner’s motion to reconsider its prior order, these denials amounted to an abuse of discretion, because neither the IJ nor the BIA addressed Singh’s exceptional circumstances argument in light of his eligibility to adjust status based on his marriage to a U.S. citizen.
The Seventh and Ninth Circuits have weighed the existence of approved immediate relative visa petitions heavily in petitioners’ favor. In Chowdhury v. Ashcroft, *130 241 F.3d 848 (7th Cir.2001), the Seventh Circuit held the BIA to its initial characterization of the alien’s earlier “motion to reopen and remand” as a motion to remand, therefore avoiding the numerical limitations of a motion to reopen, because interpreting the motion, which requested that the IJ allow the alien to apply for adjustment of status based on his marriage, otherwise would lead to “unreasonable, unfair, and absurd results ... given the fact that the agency ha[d] actually approved his visa petition.” Id. at 853. In the same vein, the Ninth Circuit found that a petitioner beneficiary of an approved visa petition who mistakenly arrived for his hearing two hours late, established exceptional circumstances when he had “no possible reason to try to delay the hearing,” appeared diligently for all previous hearings, requested a change of venue when he thought he would move to another state, and when deporting the petitioner would result in either the break-up of the family or the ouster of his U.S. citizen wife and children. See Singh v. INS, 295 F.3d 1037, 1040 (9th Cir.2002). In that case, the INS conceded that “apart from a few formalities that needed to be carried out, if the hearing had been held, Singh would not have been ordered deported.” Id. at 1039. The Ninth Circuit agreed with the Seventh Circuit that “the INS should not deny reopening of an in absentia deportation order where the denial leads to the unconscionable result of deporting an individual eligible for relief from deportation.” Id. at 1040.
In the instant ease, the BIA’s denial of the petitioner’s motions would result in an extremely harsh outcome overall because the petitioner is also the beneficiary of an immediate relative visa petition, and his wife and daughter are U.S. citizens. The petitioner here is in a similar situation to that of the petitioner in Singh v. INS, because he made diligent efforts to stay in contact with his legal counsel, he would only have benefitted from attending his June 2001 hearing, had he been aware of it, and, as the beneficiary of an approved visa petition, he was not “merely seeking to delay the inevitable,” id. at 1039, rather, he only needed to complete the formalities of applying for adjustment of status. Under the circumstances, and particularly in view of the BIA’s prior remand due to deficiencies in the IJ’s adverse credibility finding, denying this petition for review would yield the unconscionable result that the petitioner would face deportation to a country where he allegedly suffered persecution, and perhaps separation from his wife and child, who otherwise must leave the country even though they are U.S. citizens, and even though the petitioner has proof of eligibility for alternate relief. For the IJ and BIA to deny Singh’s motions without even addressing this circumstance constitutes an abuse of discretion.
For the foregoing reasons, the petition for review is GRANTED, the decision of the BIA is VACATED, and the case is REMANDED for further proceedings consistent with this decision. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).